**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-23001-JB**

PAVEL LEIVA BAEZ,

       Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER,

       Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Pavel Leiva Baez's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Response in Opposition to the Petition, ECF No. [6], and Petitioner filed a Reply, ECF No. [7]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

## I.   BACKGROUND

Petitioner is a Cuban citizen, currently detained at the Krome North Service Processing Center in Miami, Florida, who has been in the custody of the United States Immigration and Customs Enforcement ("ICE") since December 30, 2025. ECF No. [1] at 1, 4; ECF No. [6-11] at ¶ 18–19.

On April 28, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner, relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), claims that his continued detention

1

violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* at 6. Petitioner seeks immediate release from custody or a bond hearing. *Id.* at 7.

In the Response, Respondent argues that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. § 1252(g). ECF No. [6] at 4, n.1. In addition, Respondent argues that Petitioner is subject to a final order of removal and is detained pending his removal, as permitted by 8 U.S.C. § 1231(a)(6). *Id.* at 4. Respondent further argues that Petitioner's Due Process claim fails under *Zadvydas* because (1) "Petitioner has only been in custody since December 30, 2025, and thus his detention is presumptively reasonable" and (2) Petitioner "has not met his burden of proving there is no significant likelihood that he will be removed." *Id.* at 6.

## II.    ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A.    **Jurisdiction**

As mentioned, Respondent argues that the Court lacks jurisdiction to consider the Petition under 8 U.S.C. § 1252(g). *See* ECF No. [6] at 4, n.1. Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A*

2

*Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1256–57 (11th Cir. 2020).  To be sure, this provision bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"  8 U.S.C. § 1252(g).  It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings."  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999).

That said, "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73).  "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ."  *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  Rather, Petitioner challenges the legality of his detention.  Such claim is reviewable.  *See Canal A Media Holding, LLC,* 964 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."); *see also Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *6 (D. Minn. Aug. 15, 2025)

3

(petitioner's due process challenge was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez v. Feeley,* No. 25-cv-01542, 2025 WL 2676082, at *8 (D. Nev. Sept. 17, 2025) ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez v. Noem,* No. 25-cv-02428, 2025 WL 2430025, at *5 (D. Md. Aug. 24, 2025) ("Petition[er] mounts a challenge solely to his continued custody.  None of the cases the Government relies on pertain to cases in which a petitioner . . . pursued judicial review of his allegedly unconstitutional custody.  In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose*, No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]"); *Campos Leon v. Forestal,* No. 25-cv-01774, 2025 WL 2694763, at *1–2 (rejecting respondents' § 1252(g) argument and concluding that the court had jurisdiction to hear habeas petition challenging DHS' refusal to abide by the IJ's bond order).

Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition.

## B.  **Petitioner's Detention Does Not Violate Due Process**

The Court has jurisdiction over a Petitioner's habeas claim that the length of his detention violates due process.  *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").  Petitioner is subject to a final removal order, ECF Nos. [6-4], [6-12], and, thus, his detention is governed by Title 8 U.S.C. § 1231.  Section 1231(a)(1) requires the Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1).  During this removal period, the Government must detain the alien.  8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detentions pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682.  Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86.  The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id.* at 687.

5

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem."   *Id.* at 690, 699.   In so ruling, the Supreme Court explained that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal.  *Id.* at 701.  That said, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various forms of supervised release that are appropriate in the circumstances . . . ."  *Id.* at 699–700.

Accordingly, to state a valid claim under *Zadvydas*, a petitioner must show (1) "post removal order detention in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).  Thereafter, the burden shifts to Respondent to "respond with evidence sufficient to rebut that showing." *Id.* (quoting *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, the first prong is not met given that Petitioner had been in custody for less than six months when he filed the Petition.  *See* ECF No. [1]; *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*.").  As of the filing of his

Petition, Petitioner had been in custody for three months and twenty-nine days. *See* ECF No. [1] at 1, 4; ECF No. [6-11] at ¶ 18–19. Thus, the first prong of the *Zadvydas* analysis is not met. Further, even if Petitioner was able to satisfy the first prong, Petitioner's claim still fails because the Petitioner has failed to show that there is no significant likelihood of removal in the reasonably foreseeable future, as required to satisfy second prong of the *Zadvydas* analysis. In addition, Respondent has provided evidence that "ICE ERO is in the process of effectuating Petitioner's removal to Mexico." ECF No. [6-11] at ¶ 21; ECF No. [6-12] (Notice of Removal advising Petitioner that ICE intends to remove him to Mexico). As neither prong of the *Zadvydas* analysis is met, Petitioner's detention does not violate due process.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner the Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DENIED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of June, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

7